UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM DICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01533-TWP-DLP |
| | ) | |
| M. PHILLIPS SGT., | ) | |
| A. SHAW SGT., | ) | |
| K. MCKINNEY SGT., | ) | |
| M. FRANKLIN OFC., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Service of Process**

**I.  Screening Amended Complaint**

**A.  Screening Standard**

Plaintiff William Dickerson is a prisoner currently incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

    **B.**    **The Amended Complaint**

Mr. Dickerson names as defendants: (1) Sgt. M. Phillips; (2) Sgt. A. Shaw; (3) Sgt. K. McKinney; and (4) Officer M. Franklin. He alleges that on September 1, 2017, around 11pm, he was asked to "cuff up" by Sgt. McKinney. Mr. Dickerson states that he was compliant and not resisting, but that Sgt. McKinney purposefully applied excessive pressure on Mr. Dickerson's neck. When Mr. Dickerson turned around to complain about the pain, he was manhandled and dragged down the range screaming. He was brought to a shakedown booth off camera and ordered to strip under the threat of being sprayed by pepper spray. He was then left naked for over twenty minutes while he yelled for a supervisor. When Mr. Dickerson started making threats about filing grievances and paperwork with the shift supervisor, Sgt. Phillips sprayed Mr. Dickerson two times with pepper spray before calling for backup. Sgt. Phillips sprayed the pepper spray without first giving a direct order to cuff up and without calling for back up. Sgt. McKinney, Sgt. Shaw and Officer Franklin then arrived as back-up and ordered Mr. Dickerson to cuff up – he complied. However, Sgt. McKinney then sprayed Mr. Dickerson in the anal area while saying statements like "lucky this is all he can do to my ass" and "take this mace like you take those grievances up your ass." Dkt. 2 at 4.

Mr. Dickerson was then dragged naked across the maximum security prison in front of the whole camp to the other side where he was put into a dry cell. Only much later was Mr. Dickerson provided with boxer shorts and brought to see a nurse. The nurse told the officers that Mr. Dickerson needed to have his eyes rinsed out, but the officers refused stating that he would get a

shower later. Several hours later, Mr. Dickerson was finally able to take a short three-minute shower but was unable to rinse his eyes. Different officers later allowed him to take another shower. Mr. Dickerson states that the vision in his right eye has been permanently damaged.

Mr. Dickerson requests monetary damages and injunctive relief in the form of eye surgery. Dkt. 2 at 6.

    **C.**    **Discussion of Claims**

Mr. Dickerson's Eighth Amendment cruel and unusual punishment, excessive force, failure to intervene, and deliberate indifference to his serious medical need claims **shall proceed** against defendants Sgt. M. Phillips and , Sgt. A. Shaw, Sgt. K. McKinney; and Officer M. Franklin. Mr. Dickerson's First Amendment retaliation claims **shall also proceed** against defendants Sgt. M. Phillips and Sgt. K. McKinney.

This summary of claims includes all of the viable claims identified by the Court in the complaint. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through May 23, 2019**, in which to identify those claims.

    **II.**    **Service of Process**

The **clerk is directed** pursuant to *Fed. R. Civ. P*. 4(c)(3) to issue process to defendants Sgt. M. Phillips, Sgt. A. Shaw, Sgt. K. McKinney; and Officer M. Franklin in the manner specified by *Fed. R. Civ. P*. 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed to** serve the IDOC defendants electronically.

    **IT IS SO ORDERED.**

Date: 4/25/19

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM DICKERSON
192057
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to the following IDOC employees at Pendleton Correctional Facility:

    Sgt. M. Phillips
    Sgt. A. Shaw
    Sgt. K. McKinney
    Officer M. Franklin